# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2433 | **DATE** | 7/16/2012 |
| **CASE TITLE** | Nathaniel Gordon vs. Countryside Nursing and Rehabilitation Center, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Entry of Protective Order and to Uphold Defendant's Confidential Designations [41] is granted in part and denied in part. Consistent with this order, the parties are to submit a joint proposed protective order by 07/23/12. For further detail, see below.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

   Plaintiff Nathaniel Gordon ("plaintiff") filed a four count complaint against defendant Countryside Nursing and Rehabilitation Center, LLC ("defendant") alleging (1) interference with rights in violation of the Family and Medical Leave Act ("FMLA"); (2) discrimination and retaliation in violation of the FMLA; (3) discrimination in violation of the Americans with Disabilities Act ("ADA"); and (4) failure to accommodate in violation of the ADA [1]. According to the complaint, plaintiff was employed by defendant has a mental health counselor. In the summer of 2009, plaintiff was diagnosed with Discoid Lupos. On October 21, 2009, plaintiff informed defendant that he would be hospitalized and he requested a leave of absence pursuant to the FMLA. In December of 2009, plaintiff informed defendant that he would need additional FMLA leave. After a series of communications between plaintiff and defendant, defendant ultimately denied plaintiff's second FMLA leave request. According to the complaint, "notwithstanding plaintiff's excellent service for defendant, defendant interfered with plaintiff's right to return to work under the FMLA, failed to accommodate plaintiff's disability under the ADA, and retaliated and discriminated against plaintiff by terminating his employment unlawfully." (Compl. at ¶ 39.)

   The parties are now engaged in discovery and they cannot agree on the terms of a protective order to govern the production of certain documents. Defendant has proposed a protective order that includes two different designations for certain documents: "Confidential" and "Confidential - Attorney's Eyes Only." Under the terms of defendant's proposed order, those documents designated "Confidential" may be disclosed only to certain groups of people, and may not be made publicly available. Those documents designated "Confidential - Attorney's Eyes Only" may only be disclosed to a smaller group of people, which does not include the actual party to whom the production is made.

**STATEMENT**

At issue are three categories of documents that plaintiff has requested in written discovery: 1) medical information, which includes leave of absence forms (such as FLMA forms) for other employees of defendant; 2) personnel file documents, including disciplinary records, compensation information and contact information for other employees of defendant; and 3) documents related to investigative proceedings brought by the Equal Employment Opportunity Commission ("the EEOC") and the Illinois Department of Employment Security ("the IDES"). Defendant has agreed to produce these documents, subject to the terms of its proposed protective order. In particular, defendant has designated documents containing medical information as "Confidential - Attorney's Eyes Only." Defendant also designated all non-medical personnel documents and all documents related to the EEOC or IDES investigations as "Confidential." Plaintiff argues that the documents containing medical information should only be deemed "Confidential" rather than "Attorney's Eyes Only," and that the other documents at issue are not entitled to any "Confidential" designation. Defendant has filed the instant Motion for Entry of Protective Order and to Uphold Defendant's Confidential Designations [41]. We will address each category of documents below.

Rule 26© of the Federal Rules of Civil Procedure permits the district court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007) (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). "Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." *Rangel v. City of Chicago*, 10 C 2750, 2010 WL 3699991, at *1 (N.D. Ill. Sept. 13, 2010) (*quoting Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994)). In deciding whether good cause exists to enter a protective order, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the nonmoving party. *Id.* "When making a good cause determination, a district court may consider "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *Id.* (internal quotations omitted).

1. Documents That Include Medical Information

The parties first dispute the proper designation for defendant's production of documents containing medical information. These documents include medical records and other assorted personnel documents related to employees' applications for FMLA leave and/or leaves of absence. Defendant insists that these documents should be produced subject to the designation "Confidential - For Attorney's Eyes Only." Defendant argues that these documents contain employees' medical diagnoses, and detailed descriptions of illnesses and treatments. Therefore, according to defendant, plaintiff should not be permitted "unfettered access to employees' highly confidential medical documents." Defendant has offered to produce redacted versions of these documents for plaintiff to review in order to determine whether he received the same documents in connection with his FMLA leave requests. Defendant has also offered to provide plaintiff with a list of all employees who took FMLA leave.

For his part, plaintiff agrees that these documents are entitled to protection under a protective order but he argues that a "Confidential" designation is sufficient. Plaintiff asserts that it is necessary for him to review these documents in their entirety in order to properly assist in the prosecution of his claims.

## STATEMENT

We agree with defendant that the production of these medical records should be limited to "attorney's eyes only." As other courts in this Circuit have recognized, the discovery of medical records raises significant issues of privacy interests. *See Beard v. City of Chicago,* No. 03 C 3527, 2005 WL 66074, at *7 (N.D. Ill. Jan. 10, 2005) (holding that the production of non-parties' medical records must be subject to a protective order that includes "an 'attorneys' eyes only' provision that bars plaintiff from access to the medical records or the information in them"); *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *3 (N.D. Ill. Mar. 14, 2002) (holding that "all medical records...will be subject to an attorney's eyes only provision")[1]; *Davis v. Precoat Metals*, No. 01 C 5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (ordering defendant to produce its employees' personnel and disciplinary files subject to "attorney's eyes only"). This is especially true where, as here, the medical records at issue are not the plaintiff's, but a non-party to the case. *Beard,* 2005 WL 66074, at *7. Defendant is to provide plaintiff with redacted FLMA forms for its employees, and will also provide plaintiff with a list of all employees who took FMLA leave. This should alleviate any concerns plaintiff may have about his ability to prosecute his case. Any un-redacted medical information should be produced only subject to an "Attorney's Eyes Only" provision in the protective order.

2. Non-Medical Personnel Documents

The parties also dispute the designation of non-medical personnel documents, including disciplinary records, compensation information and contact information for defendant's employees. Defendant argues that these documents should be designated "Confidential" because they contain employees' confidential information, which should not be available to the public. Plaintiff argues that these documents should not be covered by the protective order at all.

Again, we agree with defendant that because of the privacy interests at stake, and in particular the privacy interests of non-parties, it is appropriate to produce these documents only after designating them "Confidential." *See, e.g., Davis*, 2002 WL 1759828, at *4 (personnel and disciplinary files were produced subject to "attorney's eyes only" out of concern for non-parties' privacy rights); *Woods v. Von Maur,* 09 C 7800, 2010 WL 3420187, at *5-6 (N.D. Ill. Aug. 27, 2010) (noting that other employees' personnel files in a discrimination case would be produced subject to a protective order). This is precisely the type of information that Rule 26(c) is designed to protect. Accordingly, we will uphold defendant's designation of these materials as "Confidential."

3. EEOC and IDES Investigation Documents

Finally, the parties cannot agree on the production of documents or information relating to the EEOC and IDES proceedings. This includes documents created by the EEOC as part of its investigation of plaintiff's claims and as part of an EEOC mediation session, as well as documents created by the IDES as part of plaintiff's application for unemployment benefits. Again, defendant states that it will produce these documents, but that they should be designated "Confidential." And again, plaintiff challenges this designation, arguing that there is no reason to shield these documents from public disclosure.

Neither party has cited any case law in support of their position. However, defendant has provided the Court with materials from the EEOC that highlight the confidential nature of EEOC mediation proceedings. Based on these materials, as well as policy concerns, we agree with defendant that good cause exists for the production of the EEOC mediation documents subject to a

| STATEMENT |
|---|

"Confidential" designation. We find that "there are significant policy reasons for promoting fair, speedy, and confidential settlements of employment charges, as well as prompt and effective remediation of discriminatory work environments." *Cason v. Builders FirstSource-Southeast Group, Inc.*, 159 F. Supp. 2d 242, 249 (W.D.N.C. 2001) (denying a motion to compel EEOC mediation and settlement documents). "Such results will be more difficult to attain if employers believe that such settlement agreements might be subject to disclosure to third parties." *Id.* Therefore, we uphold defendant's designation on the mediation documents.

With respect to the remaining investigation documents, we agree with plaintiff. As plaintiff correctly notes, the Seventh Circuit has cautioned that "[m]any a litigant would prefer that the subject of the case...be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Defendant asserts that these files contain "witness statements" and "business information" which would lead to annoyance, but without more specific detail, we do not find that defendant has met its burden and established that good cause exists for producing these documents on a confidential basis. Defendant also argues that 42 U.S.C. § 2000e-8, which prohibits any officer or employee of the EEOC from disclosing to the public any information obtained by during an investigation, requires that the production of these documents be subject to a protective order. However, this provision applies only to the EEOC, and does not prohibit the disclosure of documents in the possession of the employer. *Cason*, 159 F. Supp. 2d at 248. Lastly, defendant argues that because these documents are inadmissible as evidence, they should be produced subject to a protective order. However, because Rule 26 provides for liberal discovery, we find that defendant's argument on inadmissibility is misplaced. As a result, we deny defendant's motion to uphold defendant's designations on these documents.

1. Although plaintiff asserts in his brief that the protective order in *Kessel* did not restrict the parties from viewing the produced documents, he is relying on the wrong protective order. The protective order referred to in Judge Schenkier's opinion in *Kessel* is docket entry 73, not docket entry 72, which plaintiff attached to his brief.